1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

### WESTERN DIVISION

11

| | |
|---|---|
| **SUNDAY PERALES on behalf of J. W., a minor,** ) | |
| ) | |
| **Plaintiff,** ) | **Case  No. CV 14-331 AJW** |
| ) | |
| **v.** ) | **MEMORANDUM OF DECISION** |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Commissioner of Social** ) | |
| **Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

12
13
14
15
16
17
18
19
20
21
22

        Plaintiff's mother and guardian ad litem filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for child's supplemental security income ("SSI") benefits.  The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

### Administrative Proceedings

23
24
25
26

        The procedural facts are summarized in the Joint Stipulation. [See JS 2].  In a June 27, 2012 hearing decision that constitutes the Commissioner's final decision in this matter, an administrative law judge (the "ALJ") found that plaintiff has a severe impairment,  epidermolysis bullosa simplex ("EBS").[1]  The ALJ

27
28

---

        [1]    EBS is a genetic condition

        that cause[s] the skin to be very fragile and to blister easily. Blisters and areas of skin

1  concluded, however, that plaintiff's impairment does not meet, medically equal, or functionally equal any

2  impairment or combination of impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the

3  "listing") and therefore found plaintiff not disabled since the date his application was filed. [Administrative

4  Record ("AR") 11-23].

5                                          **Standard of Review**

6          The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial

7  evidence or is based on legal error. <u>Stout v. Comm'r Social Sec. Admin.</u>, 454 F.3d 1050, 1054 (9th Cir.

8  2006); <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than

9  a mere scintilla, but less than a preponderance." <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1214 n.1 (9th Cir.

10 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

11 <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is

12 required to review the record as a whole and to consider evidence detracting from the decision as well as

13 evidence supporting the decision. <u>Robbins v. Soc. Sec. Admin</u>, 466 F.3d 880, 882 (9th Cir. 2006);

14 <u>Verduzco v. Apfel</u>, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than

15 one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

16 <u>Thomas</u>, 278 F.3d at 954 (citing <u>Morgan v. Comm'r of Soc. Sec. Admin.</u>, 169 F.3d 595, 599 (9th Cir.1999)).

17                                              **Discussion**

18     **Standard governing childhood disability**

19          A child under the age of 18 is disabled within the meaning of the Social Security Act "if that

20 individual has a medically determinable physical or mental impairment, which results in marked and severe

21

22 ――――――――――――――

23          loss (erosions) occur in response to minor injury or friction, such as rubbing or
           scratching. Epidermolysis bullosa simplex is one of the major forms of epidermolysis

24         bullosa. The signs and symptoms of this condition vary widely among affected
           individuals. Blistering primarily affects the hands and feet in mild cases, and the

25         blisters usually heal without leaving scars. Severe cases of this condition involve
           widespread blistering that can lead to infections, dehydration, and other medical

26         problems. Severe cases may be life-threatening in infancy.

27 U.S. National Library of Medicine, Genetics Home Reference website, Epidermolyosis Bullosa

28 Simplex, available at http://ghr.nlm.nih.gov/condition/epidermolysis-bullosa-simplex (last visited
   Oct. 19, 2015).

1    functional limitations, and which can be expected to result in death or which has lasted or can be expected

2    to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(i) (as amended); see

3    20 C.F.R. § 416.906; see Merrill ex rel. Merrill v. Apfel, 224 F.3d 1083, 1085 (9th Cir. 2000) (citing section

4    1382c(a)(3)(C)(i)).  The regulations governing the evaluation of childhood disability provide that "if the

5    child's impairment or impairments do not meet, medically equal, or functionally equal in severity a listed

6    impairment, the child is not disabled." Brown v. Callahan, 120 F.3d 1133, 1135 (10th Cir. 1997) (citing 20

7    C.F.R. § 416.928 (a)); see 20 C.F.R. §§ 416.902, 416.906, 416.924-416.926a (regulations concerning

8    childhood disability standards).

9         To meet a listed impairment, a claimant must show that his or her impairment "meet[s] all of the

10   specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely,

11   does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990); see Tackett v. Apfel, 180 F.3d 1094, 1099

12   (9th Cir. 1999).  To medically "equal" a listed impairment, a claimant must present medical findings at least

13   equal in severity and duration to all of the criteria for the most similar listed impairment.  See Sullivan, 493

14   U.S. at 531; Tackett, 180 F.3d at 1099-1100; 20 C.F.R. § 416.926 (discussing medical equivalence for adults

15   and children).

16        If a child disability claimant does not have an impairment or combination of impairments that meets

17   or medically equals any listing, the ALJ must consider "whether it results in limitations that functionally

18   equal the listings."  20 C.F.R. § 416.926a(a).  "Functional equivalence" is determined not by reference to

19   the criteria for any particular listed impairment, but by reviewing all relevant information in the case record,

20   including information from a broad range of medical sources and nonmedical sources, to assess the child's

21   functioning in six areas, which are referred to as "domains." See 20 C.F.R. § 416.926a.  The domains are

22   (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with

23   others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-

24   being.  20 C.F.R. § 416.926a(b)(1)(i)-(vi).  An impairment or combination of impairments functionally

25   equals the listing if, applying criteria detailed in the Commissioner's regulations, it results in "marked"

26   limitations in two domains or an "extreme" limitation in one domain.  20 C.F.R. § 416.926a(a),(e)-(l).

27        The ALJ determined that plaintiff, who was born in 1998, was "a school-age child on July 10, 2010,

28   the date [his] application was filed," and on the date of the ALJ's decision was "an adolescent." [AR 14].

1   The ALJ found that plaintiff's EBS did not meet or medically equal a listed impairment.  The ALJ further

2   found that plaintiff's impairment did not functionally equal a listed impairment because he had no marked

3   or extreme limitations in any domain.  More specifically, the ALJ found that plaintiff had "no limitation"

4   in acquiring and using information, attending and completing tasks, interacting and relating with others, or

5   caring for himself,  and "less than marked limitation" in moving about and manipulating objects and in

6   health and physical well-being. [AR 14-23].

7          **Medical expert**

8          Plaintiff contends that the ALJ committed reversible legal error by failing to consult a medical expert

9   to evaluate the record in plaintiff's case in its entirety.

10         The Social Security Act states:

11         In making any determination under this title . . . with respect to the disability of an individual

12         who has not attained the age of 18 years ..., the Commissioner of Social Security shall make

13         reasonable efforts to ensure that a qualified pediatrician or other individual who specializes

14         in a field of medicine appropriate to the disability of the individual (as determined by the

15         Commissioner of Social Security) evaluates the case of such individual.

16   42 U.S.C. § 1382c(a)(3)(I).

17         The Ninth Circuit has interpreted section 1382c(a)(3)(I) "to mean that the ALJ is required to make

18   a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or

19   other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in

20   the record." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1014 (9th Cir. 2003) (footnote omitted).  In

21   Howard, the Ninth Circuit held that although substantial evidence in the record supported the ALJ's

22   nondisability decision, the ALJ committed reversible legal error because he "failed to rely on a 'case'

23   evaluation. Rather, he only relied on the individual evaluations and reports of each separate specialist, which

24   pertained to each of their individual specialities. The ALJ made no effort to have [the claimant's] case

25   evaluated in its entirety." Howard, 341 F.3d at 1014.

26         The Commissioner subsequently issued Social Security Acquiescence Ruling ("AR") 04–1(9), 2004

27   WL 5846720, 69 Fed.Reg. 22578 (Apr. 26, 2004). AR 04-1(9)  states that under Howard, an ALJ may rely

28   on a "case evaluation made by a State agency medical or psychological consultant that is already in the

4

record" or "the testimony of a medical expert."69 Fed.Reg. at 22580. Additionally, "[w]hen the ALJ relies on the case evaluation made by a State agency medical or psychological consultant, the record must include the evidence of the [consultant's] qualifications," and the ALJ "must ensure that the decision explains how the . . . consultant's evaluation was considered." 69 Fed.Reg. at 22580. Acquiescence rulings are binding on all components of the Social Security Administration.  See 20 C.F.R. § 402.35(b)(1)-(2); Pinto v. Massanari, 249 F.3d 840, 844 n.3 (9th Cir. 2001).

During the hearing, the ALJ heard testimony from plaintiff, who was represented by counsel.  The ALJ did not elicit testimony from plaintiff's mother, nor did he call a medical expert to testify during the hearing.  [See AR 27-53].  In his June 2012 hearing decision, the ALJ cited reports and evaluations from state agency medical consultants, a school psychologist, a consultative psychological examiner, a speech and language specialist, and plaintiff's treating physician. [AR 15-17].

The title ("Child Disability Evaluation Form"), form, and content of the evaluations by the state agency medical consultants suggest that those reports are the type of "case evaluation" contemplated by Howard and AR 04–1(9). [See AR188-208, 228-233].  However, those case evaluations were issued at the initial determination stage, in November 2010 and December 2010 [AR 188-208], and at the reconsideration stage, in February 2011 and March 2011. [AR 228-233].   Since the record before the ALJ when he issued his June 2012 decision contained medical and testimonial evidence postdating those case evaluations, none of those case evaluations is "based on the record in its entirety," as Howard requires. [See AR 27-33, 240-265]. See Howard, 341 F.3d at 1014 n.2 (noting that "[t]here is a distinction . . . between having an expert evaluate a claimant with respect to that expert's particular specialty, and having an expert evaluate a claimant's case in its entirety, considering all of the medical records . . . .").

Furthermore, the 2011 case evaluations from Drs. Bobba and Vea, which the ALJ relied upon in his decision [AR 17], do not include "evidence of the [consultants'] qualifications" other than the abbreviation "M.D." [See AR 229].  The ALJ's decision does not mention those physicians' specialties, nor did the ALJ identify what an "appropriate" specialty would be, if not pediatrics.  Therefore, the court cannot determine whether those case evaluations were made by "a pediatrician" or "other appropriate specialist."  Howard, 341 F.3d at 1014.

Defendant contends that plaintiff is impermissibly attempting to shift the burden of proving

5

disability, and that substantial evidence supports the ALJ's decision.  Under Howard, however, the ALJ's error in failing to obtain, or to make a reasonable effort to obtain, a case evaluation based on the record in its entirety from a pediatrician or other appropriate specialist is not harmless even if the ALJ's "own case evaluation" is based on substantial evidence. Howard, 341 F.3d at 1014; see Martinez v. Comm'r of Soc. Sec., 2014 WL 2606150, at *3 (C.D. Cal. June 11, 2014) ("As thorough as the ALJ's decision was and although it appears to have been supported by substantial evidence, remand is necessary because the ALJ erred by failing to secure a complete case evaluation from an appropriate specialist based on the record in its entirety.") (citing Vega ex rel. J.G. v. Astrue, 2012 WL 1144407, at *5 (C.D. Cal. Apr. 2, 2012) (remanding for compliance with Howard even though substantial evidence supported ALJ's decision)); Willmett ex rel. A.P. v. Astrue, 2011 WL 3816284, at *4 (E.D. Cal. Aug. 25, 2011) (noting that the ALJ never mentioned Howard or AR 04–1(9) in his decision, and remanding because, among other reasons, the state agency medical consultants could not have considered all of the record evidence).

On remand, the Commissioner shall direct the ALJ to fully develop the record in compliance with Howard and AR 04-1(9) and to issue a new hearing decision containing appropriate findings.[2]

## Conclusion

For the reasons stated above, the Commissioner's decision is legally erroneous.  Accordingly, defendant's decision is reversed, and the case is remanded for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

October 21, 2015

_____
ANDREW J. WISTRICH
United States Magistrate Judge

---

[2]     In light of this disposition, it is unnecessary to consider plaintiff's remaining contentions.